UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
ANGELO VALENTIN JIMENEZ,

               Petitioner,

     - against -

UNITED STATES OF AMERICA,

               Respondent.
--------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 2697 (BMC)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 31 2012 ★
BROOKLYN OFFICE

**COGAN**, District Judge.

Angelo Valentin Jimenez, currently incarcerated, moved *pro se* for a reduction in sentence. Jimenez did not make this motion pursuant to any particular statute or rule. However, because his motion to amend the sentence would be time-barred if brought pursuant to Fed. R. Crim. P. 35, the only available procedure for the relief sought is 28 U.S.C. § 2255. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). In an Order dated April 19, 2012, this Court informed Jimenez that his motion would be construed as a petition under § 2255 unless he withdrew the petition within 21 days. The Order also gave Jimenez 21 days to amend his motion to contain every § 2255 claim he wanted this Court to review. Jimenez has not withdrawn or amended his motion and his time for doing so has passed. This Court therefore construes his original motion as a petition under § 2255.

Jimenez is a deportable alien who pled guilty to conspiring to distribute narcotics and was sentenced by this Court, on October 21, 2010, to 121 months' incarceration and five years' supervised release. Jimenez did not challenge his sentence on direct appeal. In the instant motion, Jimenez argues that his sentence should be reduced to reflect the sentence that Jimenez

would have received if he had been eligible for a discounted sentence pursuant to a "fast-track" program such as those implemented by some southwestern border districts.

Fast-track jurisdictions allow illegal reentry defendants to earn a reduced sentence in exchange for a quick guilty plea. When Jimenez was sentenced, no such programs were offered in any of the districts in the Second Circuit. Jimenez quotes at length from a January 31, 2012, memorandum issued by the Department of Justice ("DOJ") which acknowledges that sentencing disparities have arisen between fast-track jurisdictions and non-fast-track jurisdictions and directs all districts prosecuting felony illegal reentry cases to implement a fast-track program. See Memorandum from James M. Cole, Deputy Attorney Gen., to All U.S. Attorneys (Jan. 31, 2012).[1] The memorandum states that it "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." Id.

Because Jimenez failed to raise his claim on direct review, the claim is procedurally defaulted and therefore may be raised in habeas only if Jimenez can demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998). Jimenez does not claim innocence and has not raised any grounds on which this Court could find "cause" or "prejudice." Although Jimenez notes that the DOJ's policies regarding fast-track jurisdictions have changed, this policy change does not provide "cause" for Jimenez's failure to raise this argument on direct appeal. See Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558 (1982) (claims must be raised on direct appeal even if, prior to a change in the law, the claim appeared futile). Jimenez's argument regarding the disparity between fast-track and non-fast-track jurisdictions has been heavily litigated for many years, see, e.g., United States v. Perez-Frias, 636 F.3d 39, 44 (2d Cir. 2011); United States v. Hendry, 522

---

[1] Available at http://www.justice.gov/dag/fast-track-program.pdf (last visited May 29, 2012).

F.3d 239, 242 (2d Cir. 2008); United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006), and Jimenez therefore had no reason to be unaware of this argument on appeal.

In any event, Jimenez's claim is without merit. Section 2255 provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. But the Second Circuit has held that "sentences in fast-track districts cannot be compared with sentences in non-fast-track districts in order to demonstrate that the latter are longer than necessary." Hendry, 522 F.3d at 242. Although some district courts in the Second Circuit have given reduced sentences based on this disparity, the Second Circuit has expressly held that this is not required by law. See Mejia, 461 F.3d at 163 ("[N]o sentencing principle requires the sentencing court to mimic the [fast-track] transaction or compensate for its unavailability."). The DOJ's memorandum, which indicates that districts within the Second Circuit must begin implementing fast-track programs, does not make Jimenez's non-fast-track sentence illegal or unconstitutional in any way. This is especially true because Jimenez has not demonstrated that he would be eligible for such a program; Jimenez pled guilty to trafficking heroin, and the DOJ's memorandum appears to apply only to illegal reentry defendants.

Because Jimenez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

3

faith and *in forma pauperis* status is therefore denied for the purpose of any appeal. See

Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
                                       U.S.D.J.

Dated: Brooklyn, New York
       May 30, 2012